IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF      CASE # 08-04614(ESL)
    CHAPTER 11

YAZMIN ENTERPRISES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SETTLEMENT AGREEMENT, MODIFICATION AND ASSUMPTION OF LEASE AGREEMENT

This settlement agreement entered into this    day of August 2008, by:

**AS FIRST PARTY: Yazmin Enterprises Inc, Debtro in Possession** represented by counsel ( herein referred as "Debtor" )

**AS SECOND PARTY: Inversion Decly Inc** a corporation organized under the laws of the Commonwealth of Puerto Rico, acting through its legal counsel, Andres J Garcia- Arregui, (hereinafter referred to as the " Landlord").

### RECITALS

**WHEREAS:** On July 16, 2008 Debtor in Posseesion filed for relief pursuant to the provisions of Chapter 11 of title 11 USCA

**WHEREAS:** At the time of the filing a judgment for eviction had been entered by the Court of First Instance Camuy Branch dated June 22, 2008

**WHEREAS:** " Landlord" filed on August 1, 2008 a motion requesting the surrender of the premises occupied by Debtor in Possession.

**WHEREAS:** The parties afore mentioned hereby submit the present Agreement , subject to the following:

### TERMS AND CONDITIONS

**FIRST:** <u>Payment</u>. The Debtor shall pay the arrears which amount to $17,500.0 in monthly payments of $500.00 starting September 5 , 2008 and until paid in full.

1

SECOND : The lease agreement will be modified so that the premises leased to Debtor shall be limited to the first floor. The mezzanine presently occupied by the Debtor shall be surrender to the " Landlord".

THIRD: The lease agreement as modified shall be assumed by Debtor and Debtor will commence making monthly rent payment in the amount of $2,000.00. The first payment of $2,000.00 shall be tendered prior to the signing of this agreement. Said payment was received by Landlord on August 15, 2008

FOURTH: Mutual Releases: DEBTOR AND LANDLORD (hereinafter collectively the PARTIES"), for themselves and on behalf of their respective heirs, successors and assigns, fully and forever release and discharge the others and their respective successors, agents, employees, affiliates, attorneys, accountants, insurers, partners and joint ventures, and each of them, of and from any and all liability, claims, demands, damages, legal and/or administrative costs, disputes, suits, actions, claims for relief and causes of action, whether known or unknown, arising out of or relating to facts and circumstances arising out of the issues alleged in the opinion and order and the adversary proceedings, whether based in contract, statute, equity, or other legal theory.

FIFTH: Further Assurances. The PARTIES agree to perform in good faith such acts and to prepare and execute such documents and stipulations as are reasonably required to perform the covenants and satisfy the provisions of this Settlement Agreement.

SIXTH: No Admission of Liability. This Settlement Agreement constitutes a settlement and compromise of various disputed claims and is made solely to avoid expensive and time-consuming litigation. Neither the offer nor acceptance of the terms and conditions of the Settlement Agreement represent an admission of liability or fault on the part of any party, but instead represents a resolution of the PARTIES' claims deemed by the PARTIES to be mutually favorable and made by mutual agreement.

SEVENTH: Governing Law and Integration. This is a fully integrated Settlement Agreement, made and entered into in the Commonwealth of Puerto Rico and the provision of Bankruptcy Code title 11USCA § 101 et seq.; and shall in all respects be interpreted, enforced and governed under the laws of the Commonwealth of Puerto Rico, except that parole evidence shall not be admissible to interpret, vary or modify any of the terms of this Settlement Agreement. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Settlement Agreement sets forth the entire agreement between the parties with regard to the subject matter hereof. All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties with regard to the subject matter hereof are contained herein, and the documents referred to herein or implementing the provisions hereof. No other agreements, covenants, representations or warranties, express

or implied, oral or written, have been made by either party to the other with respect to the subject matter of the Settlement Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter hereof are waived, merged herein and superseded hereby.

**EIGHTH**: <u>Severability</u>. Should any covenant, condition or other provision contained herein be held invalid, void or illegal by any court of competent jurisdiction, it shall be deemed severable from the remainder of the Settlement Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein contained. If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, it shall be deemed valid to the extent of the scope or breadth permitted by law.

**NINTH**: <u>Miscellaneous</u>. This Settlement Agreement cannot be amended, altered, modified, waived or superseded, in the whole or in part, except by a written agreement so stating which is signed by all PARTIES. No delay or omissions on the part of any party to this Settlement Agreement shall operate as a waiver of any such right or any other right. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Settlement Agreement shall inure to the benefit of and be binding on each party, as well as its or her respective successors or assigns. Each of the PARTIES warrants that it or she has not assigned or transferred any cause of action, claim for relief, or other matter released under the Settlement Agreement. Each person who executes this Settlement Agreement on behalf of any party to the Settlement Agreement represents and warrants that he or she has been duly authorized by such party to execute the Settlement Agreement.

## NOTICE TO PARTIES IN INTEREST

NOTICE IS GIVEN that unless a party in interest files a written Objection to this stipulation, with a copy thereof served to the Debtor in Possession, within TWENTY (20) DAYS from the Date of this Notice, an order may be entered approving the same, without further notice and hearing. Should a timely objection be filed, the Court will then schedule a hearing.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement to be effective on the last date executed below.

S/ _(signature)_

S/ Garcia- Arregui & Fullana

Garcia- Arregui & Fullana

PMB 403  
Calle 39 UU-1  
Santa Juanita  
Bayamón, PR 00956  
Tel (787)798-8600  
Fax(787)798-8601  
E-mail rgm@microjuris.com

252 Ponce de Leon Ave.  
Citibank Tower Suite1101  
San Juan PR 00918  
Tel 787 766 2530  
Fax. 787 756 7800  
E mail analluf@prtc.net

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using CM/ECF system which will send notification to the following, counsel form Robert Hatton ,the US trustee's office to and any other party in interest that has requested notice. ,

In San Juan, Puerto Rico , this 8ʰ day of September 2006

S/Andres J. Garcia- Arregui  
GARCIA- ARREGUI & FULLANA  
252 Ponce de Leon Ave  
Citibank Tower  
Suite 1101  
San Juan, PR 00918  
TEL 787-766-2530  
FAX 787-756-7800  
USDC# 122512  
Email garciaare@prtc.net

4